## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| Neil Leonard Haddley, | ) | Case No. 15-cv-02106 DWF/LIB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| County of Isanti, County of Otter Tail, | ) | |
| County of Becker, County of Dodge, | ) | |
| County of Mower, County of Waseca, | ) | |
| County of Clay, and County of Steele, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

| | | |
|---|---|---|
| | ) | |
| Neil Leonard Haddley, | ) | Case No. 16-cv-01960 DWF/LIB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLAINTIFF'S MEMORANDUM** |
| | ) | **OF LAW IN SUPPORT OF ITS** |
| Next Chapter Technology, Inc. a corporation; | ) | **MOTION TO CONSOLIDATE** |
| Vaughn Mulcrone, an individual; | ) | |
| dataBridge, LLC, a limited liability company; | ) | |
| County of Kittson, Minnesota; | ) | |
| County of Mahnomen, Minnesota; | ) | |
| County of Marshall, Minnesota; | ) | |
| County of Norman, Minnesota; | ) | |
| County of Polk, Minnesota; | ) | |
| County of Clay, Minnesota; | ) | |
| County of Dodge, Minnesota; | ) | |
| County of Isanti, Minnesota; | ) | |
| County of Otter Tail, Minnesota; | ) | |
| County of Mower, Minnesota; | ) | |
| County of Kanabec, Minnesota; | ) | |
| County of Steele, Minnesota; and | ) | |
| County of Waseca, Minnesota. | ) | |
| | ) | |
| Defendants. | ) | |

24550.0002 -- 2907832_1

## INTRODUCTION

Plaintiff Neil Leonard Haddley ("Plaintiff" or "Mr. Haddley") hereby respectfully moves this Court to consolidate the interrelated cases of *Haddley v. County of Isanti, et al.*, (No. 15-cv-2106 (DWF/LIB)) (hereinafter the "First Action") and *Haddley v.* Next Chapter Technology, Inc. (No. 16-cv-1960 (DWF/LIB)) (hereinafter the "Second Action")[1]

These two matters share common questions of law and fact, namely the creation, distribution and infringement of a software product created by Plaintiff, which was subsequently distributed by Defendant Next Chapter Technology, Inc. ("NCT") through its principal, Defendant Vaughn Mulcrone ("Defendant Mulcrone") to all defendant counties named in both the First Action and the Second Action (collectively the "Actions"). Consolidation of these two similar, even overlapping, matters would promote judicial economy, save the parties and witnesses substantial time and costs, and remove any risk of inconsistent development, rulings or judgments between the two matters.

## FACTS

### I.   Procedural History

Plaintiff Haddley has two pending actions involving copyright claims in a software product he created, named "Scanning Enabler." Mr. Haddley brought his First Action *pro se* against Defendants Isanti, Otter Tail, Becker, Dodge, Mower, Waseca,

---

[1] Plaintiff will reference filings from the First Action, *Haddley v. County of Isanti, et al*. 15-cv-2106 (DWF/LIB) as "County of Isanti Dkt. __". References to filings in the Second Action, *Haddley v. NCT et al.* 16-cv- 1960 (DWF/LIB) will be "NCT Dkt. ___".

24550.0002 -- 2907832_1

Clay, and Steele Counties (the "First Action County Defendants") relating to infringement claims occurring in or about 2013. (County of Isanti Dkt. 1).

While Mr. Haddley was still *pro se*, non-party NCT moved to intervene in the First Action. (County of Isanti Dkt. 26-31). The First Action County Defendants and proposed intervenor NCT shared common defense counsel. (*Id.* and County of Isanti Dkt. 49, p. 16, fn. 2) Although at that time NCT was still a non-party, its intervention motion was based in part on its admitted duty to defend and indemnify the First Action County Defendants in Plaintiff Haddley's copyright claims against them. (County of Isanti Dkt. 28, pp. 2 & 9). Moreover, NCT even drafted and filed a [Proposed] Answer and Counterclaim of Intervenor Next Chapter Technology, Inc. in the First Action. (County of Isanti Dkt. 26-1). At that time, NCT's motion to intervene was denied, in part because NCT did not carry its burden to intervene as a matter of right in the First Action, (County of Isanti Dkt. 49, p. 18) and in part because its proposed counterclaims were "futile as presently pled." (*Id*. at p.20).

After retaining counsel, Plaintiff Haddley brought a more global action, the Second Action, relating to direct copyright infringement by NCT between 2012 and 2014, as well as infringement by 13 additional Minnesota counties (the "Second Action County Defendants"), a third-party software developer, and additional claims against the First Action County Defendants. (NCT Dkt. 1). Although the same counsel for all defendants in both Actions previously brought a motion to intervene, defendants' counsel now refuses to stipulate to consolidation of these interrelated and overlapping Actions.

## II. Facts Common to Both the First and Second Actions

In approximately 2009, Plaintiff Haddley was approached by Defendant Mulcrone about several software products Mr. Haddley had created, including Scanning Enabler. (County of Isanti Dkt. 29 ¶¶ 10-12; NCT Dkt. 18 ¶ 46). Beginning in 2009, Plaintiff Haddley granted Defendant Mulcrone and his business entity (later known as NCT) authority to become a reseller for Mr. Haddley's software products. (Dkt. 18 ¶ 46). NCT wished to include Scanning Enabler in an electronic document management system it was developing, which was eventually branded or named CaseWorks. (*Id.* ¶¶ 50-57).

In May of 2012, Defendant Clay County purchased one license for Scanning Enabler through Mr. Mulcrone for use in CaseWorks. (*Id.* ¶ 62). Clay County purchased a second Scanning Enabler license through Mr. Mulcrone in December of 2012. (*Id.* ¶ 70). Defendant Steele County purchased two Scanning Enabler licenses through Mr. Mulcrone in June of 2013 for use in CaseWorks. (*Id.* ¶ 98).

NCT then sold CaseWorks without the necessary Scanning Enabler licenses to Becker, Dodge, Isanti, Otter Tail, Mower, and Waseca Counties. Although Scanning Enabler was only installed on four properly licensed servers, (two at Clay and two at Steele) it was downloaded to workstations at all 8 First Action County Defendants' locations, without Mr. Haddley's consent, license or proper payment of license fees.

When Mr. Haddley brought the First Action, NCT filed a motion to intervene in the County of Isanti case (County of Isanti Dkt. 26). NCT argued, *inter alia*, that it had the right to intervene because Scanning Enabler is a component of CaseWorks, and that

NCT is obligated to indemnify and defend the County of Isanti Defendants as users of CaseWorks.

As indicated above, the Court denied NCT's Motion to Intervene. (County of Isanti Dkt. 49). The Court ruled that NCT may not intervene as a matter of right based on its indemnitor interest, nor based on its perceived, potential future disputes with Plaintiff Haddley. The Court also noted that there were not any *present* claims against NCT in the First Action.

However, the Court determined any *future*, direct claims between NCT and Mr. Haddley related to the existence of a licensing and reseller agreement would share common questions of law and fact with the First Action. (*Id*. p. 19). As previously stated, the Court declined to allow intervention at that point, as no existing claims gave NCT that right and NCT's proposed counterclaims were ruled futile as pled. (*Id*.).

Through the course of litigating the First Action, Plaintiff Haddley learned NCT allegedly replaced Scanning Enabler with a derivative product, called "NCT Scan." After NCT and Mr. Haddley had a falling out in October 2013, NCT claimed it retained Defendant dataBridge, LLC ("dataBridge") to create NCT Scan. (Dkt 18, ¶¶ 139-140). NCT sold CaseWorks with the derivative NCT Scan to a total of the 21 named counties, including both the First and Second Action County Defendants.

The claims against NCT and Defendant Mulcrone relate both to providing unauthorized copies of Scanning Enabler to the First and Second Action's County Defendants, as well as creating and distributing the derivative NCT Scan. Plaintiff Haddley has a separate count against NCT and Mr. Mulcrone for circumventing his

copyright protection measures in the distribution of Scanning Enabler, to all of the county defendants. This allegation stems from NCT and Mr. Mulcrone assisting the First Action County Defendants in creating a system to share Scanning Enabler, and distributing unauthorized copies to the other county defendants.

The derivative claims in the Second Action allege derivative copyright infringement against all county defendants in both Actions, who have downloaded NCT Scan, as well those claims against any defendant involved in creating and distributing NCT Scan, such as Defendant dataBridge, NCT and Defendant Mulcrone.

## LEGAL ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides for consolidation of actions involving "a common question of law or fact" Fed. R. Civ. P. 42(a). Rule 42(a) states:

> **Consolidation.** If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

*Id.*

The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Wright & A. Miller, Federal Practice and Procedure,* § 2381 (1971). Even if there are some questions that are not common, consolidation is not precluded. *Batazzi v. Petroleum Helicopters, Inc.* 664 F.2d 49, 50 (5th Cir. 1981).

"In determining whether to order consolidation, the court must first ask whether two proceedings involve a common party and common issues of fact or law…once this determination has been made, the court has 'broad discretion in weighing costs and benefits of consolidation to decide whether that procedure is appropriate'. If threshold questions are resolved in favor of consolidation, it will usually be allowed unless the opposing party can demonstrate prejudice". *Willard v. Town of Lunenburg,* 202 FRD 57, at *3-4 (D. Mass. 2001) (internal citations omitted).

Another important factor to consider is the risk of inconsistent judgments resulting from separate proceedings. *See In re Orbital Sciences. Corp. Secs. Litig*. 188 FRD 237, 238 (E.D. Va. 1999). Furthermore, presence of one counsel for all claimants is another factor suggesting suitability of consolidation. *Poulson v. Louisiana, Arkansas & Texas Transp. Co*., 7 FRD 484, 485 (D. La. 1947). The same attorneys represent the plaintiff and all defendants, respectively, in both the First and Second Actions. Both actions share significant common questions of law and fact. Both Actions are related to NCT's distribution of Scanning Enabler and the derivative NCT Scan, as well as all named counties' unauthorized downloading of the same. Despite the failed attempt to intervene in the First Action, counsel for all defendants now has refused to consent to consolidation of these two substantially interrelated First and Second Actions.

Consolidation is warranted where the "plaintiff's complaints arose from the same core factual allegations, involved mostly the same parties, and varied only in nature of the legal claims asserted against parties." *Harbison v. United States Senate Comm*., 839 F Supp 2d 99, 105 (D.D.C. 2012). Here, all of those elements are met. In fact, core factual

allegations related to both Actions, and the legal claims asserted against some parties will be identical.  Certainly, all claims involve the same facts regarding Plaintiff's copyright ownership in the software, common facts related to NCT's distribution of the software and even, in most circumstances, the copying of the software from common county parties.

All legal issues will have certain elements in common.  For example, the owner of a copyright has exclusive rights to reproduce his work and prepare derivatives.  17 U.S.C. § 106.  It is a commonly recognized principle that the copying of a derivative work gives rise to copyright infringement, based on the ownership of the underlying work.  *Janel Russell Designs, Inc. v. Mendelson & Assocs.,* 114 F. Supp. 2d 856, 864 (D. Minn. 2000).  Each County Defendants' downloading of copyrighted material violates Plaintiff Haddley's exclusive reproduction and distribution rights.  *A&M Records v. Napster, Inc.,* 239 F.3d 1004, 1014 (9th Cir. 2001).  Downloading copyrighted material is copyright infringement.  *BMG Music v. Gonzalez,* 430 F.3d 888, 893 (7th Cir. 2005); *Virgin Records Am., Inc. v. Trinidad*, Civil Action No. 06-5914 (WHW), 2007 U.S. Dist. LEXIS 88386, at #10 (D.N.J. Dec. 3, 2007).

The two cases clearly share common factual and legal questions.  Both matters relate to Plaintiff Haddley's copyrights in Scanning Enabler and the derivative of Scanning Enabler.   NCT has violated Mr. Haddley's exclusive distribution and reproduction rights in Scanning Enabler.  17 U.S.C. § 106.  NCT and dataBridge have also violated Mr. Haddley's exclusive right to create derivatives of Scanning Enabler.  *Id.*

Mr. Haddley has a cause of action in the Second Action against the First Action County Defendants, the Second Action County Defendants, as well as NCT and Mr. Mulcrone, personally, for circumventing his copyright protection measures in violation of 17 U.S.C. §1201.  Mr. Haddley alleges that these entities created a system to provide the Defendant counties with access to the Clay and Steele County servers and thereby circumvent the copyright protection measures in Scanning Enabler.

Because the same counsel represents all defendants in both matters, there is no reason to believe that the defendants would be prejudiced by consolidation.  At the time of this motion Plaintiff Haddley has taken depositions of administrators at both Isanti and Clay Counties.  Clay and Isanti Counties downloaded unauthorized copies of Scanning enabler as well as the derivative NCT Scan.  The completed depositions are thus relevant in both matters.

Plaintiff Haddley has conducted significant discovery in the First Action, and is prepared to move forward with discovery relating to the Second Action.   Due to the extent of discovery already completed, there will be no significant delay in litigating the consolidated case.

In addition, the Court's resources will be conserved by consolidating pretrial matters, setting one trial and perhaps considering only one set of dispositive motions. Presumably any dispositive motions' subject matter, factual basis and legal issues would be identical in certain respects, in both Actions.

## CONCLUSION

This Court enjoys broad discretion in determining whether consolidation is practical. *Atlantic States Legal Foundation, Inc. v. Koch Refining Co.,* 681 F.Supp. 609, 615 (D. Minn. 1988). In exercising this discretion, this Court should weigh the time and effort consolidation would save with any inconvenience or delay it would cause. *Hendrix v. Raybestos-Manhattan, Inc*. 776 F.2d 1492, 1495 (11th Cir 1985).

These Actions should be consolidated.  Both matters share common questions of law and fact.  Consolidation will promote judicial economy, save the parties and witnesses considerable time and costs, and remove any potential for inconsistencies between the Actions.  Accordingly, Plaintiff Haddley respectfully requests his motion granted.

Respectfully submitted,

Dated:  November 8, 2016    **HELLMUTH & JOHNSON, PLLC**

By:    */s/ Alexander J. Farrell*
     Russell M. Spence (#241052)
     Alexander J. Farrell (#390202)
     8050 West 78th Street
     Edina, MN  55439
     Tel: (952) 941-4005
     Email: mspence@hjlawfirm.com
          afarrell@hjlawfirm.com

**ATTORNEYS FOR PLAINTIFF**